VICKERS *v.* RIPLEY.

5-1034                                          295 S. W. 2d 309

Opinion delivered October 22, 1956.

[Rehearing denied November 26, 1956.]

*Clifton Bond,* for appellant.

*Paul K. Roberts,* for appellee.

J. SEABORN HOLT, Associate Justice. This suit was brought by appellee (C. L. Ripley) against appellant (Arnold Vickers) to recover $863.01 alleged due and unpaid on an open account for poultry feed and supplies furnished to Vickers. Vickers' answer alleged: "That the defendant denies each and every material allegation of the plaintiff's complaint. Further, that the defendant specifically states that the complaint and the itemized statement of the account attached thereto are neither just nor correct and erroneously state the amount, if any, which the defendant might owe." A jury trial resulted in a verdict for appellee in amount of $578.67 and this appeal followed. Appellee has cross appealed.

For reversal appellant relies on this one point: "The records of account upon which the claim of the plaintiff-appellee is based were prepared by the appellant who denies their validity, accuracy and correctness, and, therefore, are incompetent in evidence to sustain the verdict and judgment against the defendant-appellant."

The evidence shows that appellee, Ripley, is a dentist, in active practice, in Warren, Arkansas, and also was the owner and operator of the Rainbow Feed Mills there. The manner in which appellant secured the feed and supplies here involved was first to go to appellee's dental office, procure a key to appellee's feed store, then proceed alone to the store, unlock the door, select what he wanted, load it on his truck, make out sales ticket for the feed received, then leave the ticket on a desk in the store, close and lock the door and drive off with his purchase. Appellee would later pick up the sales ticket and enter the account in a ledger.

The question presented was one of fact, for the jury to determine what amount, if any, appellant owed appellee for the feed and supplies purchased and received from appellee. The trial court, after instructing the jury that the burden of proof was on appellee, correctly instructed them, at appellant's request, "If you find that the entire account upon which suit is brought is not just, accurate or correct then your verdict shall be for the defendant, and, if any part of the account is not just, accurate or correct then your verdict shall be for the defendant as to that part which is not just, accurate and correct."

Appellee testified, in effect, that Vickers purchased feed and supplies from him during the period of time from August 9, 1954 to January 13, 1955 and was indebted to him in the amount of $863.01; that Mr. Vickers would come to his office and get the key, unlock the feed house, get his feed, and make a ticket and either bring the key to him or give it to the filling station boy. That was the reason the tickets were made out by Mr. Vickers. Mr. Vickers would leave the tickets on the desk, already made out with the amount of feed; that he, appellee, was his own bookkeeper and would pick up the sales slips and enter them in his ledger. Appellant testified, in effect, that he owed nothing on the account; that he had paid appellee all he owed him. Thus, the issue of the correctness of the account was presented to the jury. The evidence further shows, as indicated, that appellee made up his ledger sheets of appellant's account of indebtedness

to appellee from a large number of sales tickets prepared by appellant, or his authorized agent, and furnished to appellee.

Appellant testified that he did not deny the validity of any specific sales ticket among the 36 offered in evidence by appellee. Quoting from appellant's testimony: "Q. Then the signature or writing on the ticket as to the amount or name would either be in your handwriting, the handwriting of Mr. Hubert Godwin, your brother-in-law, or the handwriting of your wife? A. Yes, sir. Q. Then actually you may have gotten some of the feed where the ticket was not in your handwriting; is that correct? A. That's right. Q. Therefore, in looking at these, in pointing out the fact that it was your handwriting or it was not your handwriting, it doesn't necessarily mean that you are denying that particular ticket, is that correct? A. That is correct."

The ledger account, or memorandum, made and kept by appellee was admissible in evidence for either of two reasons: first, it was made up by appellee from sales tickets or invoices admittedly prepared by appellant himself, or his agent, which were, in effect, admissions against his own interest and come within the exception to the hearsay rule; and, second, we hold that this record account, or memorandum, in the circumstances here, was made by appellee in the regular course of business and admissible in evidence under § 28-928 Ark. Stats. 1947 [Pocket Supplement] which provides: "In any court of record of the State, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter, etc."

We hold that there was substantial evidence to support the jury's verdict and accordingly we must and do,

under our rule, affirm the judgment, *Coffer* v. *State*, 211 Ark. 1010, 204 S. W. 2d 376.

The appellee on his cross appeal contends that: "The jury acted without substantial evidence to support their finding that appellant did not owe the $863.00." We do not agree to this contention. What we have said above applies also to this contention. As pointed out, on conflicting and substantial testimony, the jury found that $578.67 was all that appellant owed appellee and in the circumstances it is beyond our province to set this verdict aside. Finding no error, the judgment is affirmed on both direct and cross-appeal.